BRIDGES, J.,
for the Court:
¶ 1. La Don Thomas was indicted for murder and possession of a firearm by a convicted felon as a habitual offender on June 13, 1995, pursuant to Miss.Code Ann. §§ 97-3-19, 99-7-2 and 99-19-83 (Rev. 2000). Thomas pled guilty on July 7, 1995, in the Circuit Court of Coahoma County, Mississippi to the lesser charge of manslaughter and possession of a firearm by a felon, pursuant to a plea agreement Thomas entered into with the State. After the judge accepted his guilty plea as voluntarily, knowingly and intelligently made, Thomas was sentenced to twenty years in prison for the manslaughter charge and three years for the possession of a firearm by a felon charge, to be served concurrently with the manslaughter sentence. The court also noted that these sentences would be served by Thomas consecutively to any previous sentences that he may have received for other crimes. Because Thomas was sentenced as a habitual offender, his sentence was ordered to be served without suspension or eligibility of parole.
¶ 2. On January 8, 1998, Thomas filed a motion for post-conviction relief. The motion was denied by the trial court and Thomas did not appeal that denial.
¶ 3. On March 31, 2000, Thomas filed a second motion seeking post-conviction relief which was styled by Thomas as “motion to vacate convictions and sentence.” Again, the trial court denied Thomas’s post-conviction relief. After this second denial, Thomas filed a notice of appeal in which he asks this Court to consider the following issues: (1) whether Thomas suffered from ineffective assistance of counsel at his guilty plea and sentencing, and (2) whether Thomas was properly indicted as a habitual offender?
LEGAL ANALYSIS
¶4. This Court will not enter into a discussion of the well established and detailed analysis that is standard in post-conviction relief cases involving ineffective assistance of counsel, voluntary guilty pleas and the like. Nor will we entertain a discussion on Thomas’s sentence as a habitual offender. After reviewing the record of this case, it has become apparent to this Court that Thomas is statutorily *599 barred from bringing forth these claims on appeal at this time. We reject Thomas’s claims under Miss.Code Ann. § 99-39-5(2) (Rev.2000) and Miss.Code Ann. § 99-39-27(9) (Rev.2000). Whether we believe that Thomas’s claims are meritorious, which, for the record, we do not, will not be addressed here for the reasons stated below.
¶ 5. Mississippi Code Annotated Section 99-39-5(2) dictates that in cases where a guilty plea is entered by a defendant, that defendant has three years from the entry of the guilty plea and the judgment and sentence by the trial court judge to file a motion with the court for post-conviction relief. Miss.Code Ann. § 99-39-5(2) (Rev.2000). Thomas’s first motion filed on January 8, 1998, was timely, but the court denied it. Thomas did not appeal this denial. Thomas then filed this second motion on March 31, 2000, almost five years after his plea of guilty was entered and his sentence was ordered by the judge. This is in flagrant violation of the three year statute of limitations and, as such, we will not consider Thomas’s claims against his attorney or the challenge to his sentence as a habitual offender. Thomas has been incarcerated since 1995 and has had ample opportunity to challenge his guilty plea, his counsel’s performance and/or his sentence well before March 31, 2000. We will note that there is ample evidence in the record to make a sound decision in favor of the State here; however, the statute of limitations precludes any further discussion of this matter.
¶ 6. Moreover, Miss.Code Ann. § 99-39-27(9) provides that the dismissal or denial of an application and motion for post-conviction relief is considered a “final judgment and shall be a bar to a second or successive application under this chapter.” Miss.Code Ann. § 99-39-27(9) (Rev.2000). The law does not get any clearer than this. Thomas applied for post-conviction relief first on January 8, 1998, then again on March 31, 2000. This makes the most recent of the two an invalid application and, therefore, we shall not consider an appeal from the denial of such motion.
¶ 7. No matter Thomas’s complaints regarding his guilty plea, he should have made them before the statutory deadline. Because he did not and because he filed a second motion which is rendered void by Miss.Code Ann. § 99-39-27(9), we must affirm the denial of post-conviction relief and the twenty-year sentence for manslaughter to be served concurrently with the three-year sentence for possession of a firearm by a felon.
¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF COAHOMA COUNTY DENYING THE APPELLANT POST-CONVICTION RELIEF IS HEREBY AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO COAHO-MA COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., PAYNE, THOMAS, LEE, IRVING, MYERS and CHANDLER, JJ., concur.